UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNON CADWELL,
Plaintiff,

v.

The LINCOLN NATIONAL LIFE INSURANCE COMPANY,
Defendant.

Civil No. 3:22-cv-05351

COMPLAINT FOR ERISA BENEFITS

Plaintiff, Shannon Cadwell, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as the Department of Labor's ERISA claims regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, the plan's mandatory appeals have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Western District of Washington pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the breach occurred. Plaintiff lives in Cowlitz County, Washington, and Defendant failed to deliver benefits due to her there.

## **PARTIES**

4. Plaintiff is currently and was at all times relevant to this case a resident of Longview, Cowlitz County, Washington.

5. Defendant Lincoln National Life Insurance Company ("Lincoln") is an insurance company headquartered in Omaha, Nebraska, and is authorized to transact the business of insurance in this state.

6. Lincoln is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy GF3-840-438499-01, issued by Lincoln to Lee Enterprises.

7. Lincoln may be served with process in Washington by and through the Washington State Office of the Insurance Commissioner, by mailing two copies of the summons and complaint to: Office of the Insurance Commissioner, Service of Legal Process, P.O. Box 40255, Olympia, WA 98504-0255.



Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

**FACTS**

8. Plaintiff was employed by Lee Enterprises at "The Daily News," a local newspaper in Longview owned by Lee Enterprises.

9. By virtue of her employment, Plaintiff was covered by Group Long Term Disability Policy GF3-840-438499-01, issued by Lincoln to Lee Enterprises.

10. The provision of group long term disability ("LTD") insurance coverage to employees of Lee Enterprises constitutes an ERISA welfare benefit plan ("Plan").

11. Plaintiff stopped working for Lee Enterprises on or about October 12, 2015 due to disabling symptoms of diabetic neuropathy, as well as other conditions.

12. When Plaintiff ceased work she was covered under the terms of the Plan.

13. Plaintiff timely applied for LTD benefits under the Plan.

14. For the first two years LTD benefits under the Plan, the standard for disability is an inability to perform one's "own occupation."

15. Lincoln approved Plaintiff's claim for LTD benefits and paid benefits as of March 12, 2016, after the policy's waiting or "elimination" period.

16. Plaintiff's LTD claim remained approved through the policy's change in definition from "own occupation" to "any occupation" at the claim's two-year mark, on March 12, 2018.

17. Lincoln ultimately denied Plaintiff's claim as of August 11, 2020, based on Lincoln's determination that Plaintiff was no longer disabled.

18. Plaintiff submitted an appeal of this denial on or about November 13, 2020, submitting a letter from her treating doctor supporting her disability claim, as well as office visit notes and diagnostic test results from multiple providers.


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

19. On February 18, 2021, Lincoln sent its preliminary vocational and medical analyses of Plaintiff's appeal to her for comment and response.
20. Lincoln's February 18, 2021 letter did not inform Plaintiff that Lincoln believed there was a contractual limitations period which would expire on September 14, 2021.
21. In response to Lincoln's February 18, 2021 letter, Plaintiff requested additional time to review and respond to Lincoln's evidence.
22. Plaintiff's request for additional time was due in part to delays created by the COVID-19 pandemic in scheduling follow-up appointments with her doctors.
23. Plaintiff requested and Lincoln granted two extensions of time for Plaintiff to respond to the evidence Lincoln sent to Plaintiff on February 18, 2021. In neither of the extension approval letters did Lincoln inform Plaintiff of the September 14, 2021 deadline to file a suit on this claim.
24. Plaintiff sent Lincoln additional appeal evidence on June 17, 2021.
25. Lincoln ultimately denied Plaintiff's appeal by letter dated July 29, 2021.
26. Prior to finalizing and/or mailing its July 29, 2021 appeal denial letter, a Lincoln representative called Plaintiff to notify her of the decision and explain it to her.
27. During this call, Plaintiff asked what next steps were available to her based on this denial. The Lincoln representative stated that a law suit could come next, but that Plaintiff was not allowed to speak to a lawyer about filing a case until after the end of September, 2021.


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

28. Lincoln's July 29, 2021 appeal denial letter stated that Plaintiff's "administrative right to review has been exhausted; no further review will be conducted… [and] You have the right to bring a civil action…."

29. Lincoln's July 29, 2021 appeal denial letter included for the first time a statement that the LTD policy contains a limitations clause, which in Lincoln's view prevented a lawsuit after September 14, 2021, approximately six weeks after the date of the denial letter.

30. According to Lincoln's denial letter, this limitations period is stated as "one year after the time Proof of claim is required."

31. Lincoln's July 29, 2021 appeal denial letter did not inform Plaintiff of the U.S. Department of Labor's ERISA claim deadline extensions, as stated in Employee Benefits Security Agency Disaster Relief Notice 2020-01 and 2021-01.

32. As part of its COVID-19 response, The Department of Labor has stated that most deadlines connecting with ERISA claims and appeals are extended by up to one year, including the dates by which claimants must file claims and appeals of denied claims. 85 Fed. Reg. 26351, 26354.

33. At the time of her appeal, and at the time that appeal was denied, Plaintiff was not represented by counsel.

34. Plaintiff relied more on the phone call with Lincoln's representative from around the time of the appeal denial, and did not notice the portion of Lincoln's denial stating a September 14, 2021 deadline to file a lawsuit. She understood she was not allowed to speak to an attorney until after the end of September, 2021.


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

35. Plaintiff began seeking an attorney to file this suit in December, 2021, but her initial search turned up mostly Social Security attorneys who did not practice in the field of ERISA disability claims.

36. Plaintiff consulted with several attorneys who declined her case before ultimately hiring the undersigned counsel.

37. Plaintiff has exhausted the Plan's mandatory administrative remedies.

38. This complaint is timely filed within the contractual limitations period stated in the policy, as modified by the Department of Labor's COVID-19 extension of time to file claims.

39. In the alternative, this complaint should be considered timely as an equitable remedy for Lincoln's breach of its fiduciary duties to the Plaintiff.

40. Plaintiff was and continues to be disabled under the terms of the Plan.

41. Defendant would pay any benefits due out of its own funds.

42. Defendant was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

43. Defendant allowed its concern over its own funds to influence its decision-making.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

44. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

45. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

46. Defendant failed to provide benefits due under the terms of the Plan and these denials of benefits to Plaintiff constitute breaches of the Plan.



Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

47. The decisions to deny these benefits were wrong under the terms of the Plan, and should be reversed on *de novo* review.

48. The decisions to deny benefits and decision-making processes were also arbitrary and capricious.

49. The decisions to deny benefits were not supported by substantial evidence in the record.

50. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled under the Plan.

51. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## SECOND CAUSE OF ACTION
## FOR BREACH OF ERISA FIDUCIARY DUTIES PURSUANT TO 29 U.S.C. § 1132(a)(3)

52. The ERISA statute, at 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought by a plan participant or beneficiary to obtain appropriate equitable relief to redress violations of ERISA.

53. Plaintiff was a participant in the Plan, which is an ERISA plan.

54. Defendant is the claims administrator of the Plan.

55. Defendant is a fiduciary for the Plan.


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

56. Defendant performs fiduciary acts when it conveys or fails to convey information about benefits or Plan provisions to the Plan's participants.
57. Defendant owes fiduciary duties to Plan participants, including Plaintiff.
58. The fiduciary duties which Defendant owes to Plaintiff include the common law duty of loyalty, which requires fiduciaries to deal fairly and honestly with beneficiaries.
59. Defendant also owed Plaintiff a duty to convey complete, thorough, and accurate information that was material to her circumstances.
60. Defendant breached its fiduciary duties of loyalty and conveying complete information to the Plaintiff by:
    a. Failing to disclose to her prior to the time of its final denial that there was a deadline of September 14, 2021 to file a lawsuit challenging the denial of her claim;
    b. Failing to disclose in any communications the existence of and impact of the Department of Labor's extensions of certain ERISA claims deadlines; and
    c. Failing to effectively convey the September 14, 2021 lawsuit deadline during its phone call with the Plaintiff prior to issuing its final denial.
61. As a result of Defendant's breaches of its fiduciary duties, Plaintiff was unable to file this lawsuit prior to the expiration of the September 14, 2021 deadline stated in Defendant's final denial letter, and as such would lose her future benefits available under the Plan if that deadline is not extended, waived, tolled, or otherwise extended by equitable remedy.


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

62. A finding in favor of Plaintiff against the Defendant;

63. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

64. Prejudgment and postjudgment interest;

65. An Order requiring the Defendant to pay continuing benefits into the future, so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan, in the future so long as Plaintiff remains disabled under the terms of the Plan;

66. Plaintiff's reasonable attorney fees and costs; and

67. Such other relief as this court deems just and proper.

**On Plaintiff's Second Cause of Action:**

68. A finding in favor of Plaintiff against Defendant;

69. Equitable remedies in the form of tolling, waiver, or such other equitable remedy as the Court deems appropriate, extending the time by which Plaintiff may bring a lawsuit challenging the denial of her benefits claim;

70. Plaintiff's reasonable attorney fees and costs; and


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

71. Such other relief as this court deems just and proper.

Dated this 16th day of May, 2022.

Respectfully submitted,

BY: *s/Jeremy L. Bordelon*
Jeremy L. Bordelon, WSBA No. 53118



Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331