The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANNON CADWELL,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 3:22-cv-05351-BHS<br><br>ANSWER AND AFFIRMATIVE DEFENSES |

Defendant The Lincoln National Life Insurance Company "Lincoln"), by and through its counsel of record, answers the Complaint filed by Plaintiff Shannon Cadwell, as follows. Except as expressly admitted, Lincoln denies the allegations of Plaintiff's Complaint.

Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the Lee Enterprises Long Term Disability Plan (the "LTD Plan"), which is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in the introductory Paragraph of the Complaint.

/ / /

/ / /



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

**JURISDICTION AND VENUE**

1. Lincoln admits that Plaintiff's claims are governed by ERISA and that the benefit plan at issue in this action is an "employee welfare benefits plan" as defined by ERISA. Lincoln admits this Court has subject matter jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that venue of this action is proper in this Court. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

**PARTIES**

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania and that it is authorized to do business in Washington. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

6. Lincoln admits that it issued Group Disability Income Policy No. GF3-840-438499-01 (the "Policy") to Lee Enterprises, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

**FACTS**

8. Lincoln admits that Plaintiff was, at certain times, employed by The Daily News. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that Plaintiff was, at certain times, employed by The Daily News and a participant in the LTD Plan. Lincoln admits that the Policy issued by Lincoln to Lee Enterprises, at certain times, insured benefits from the LTD Plan sponsored by Lee Enterprises to provide disability benefits to certain employees of Lee Enterprises and associated companies. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that the Policy issued by Lincoln to Lee Enterprises, at certain times, insured benefits from the LTD Plan and that the LTD Plan is an "employee welfare benefits plan" as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits Plaintiff's last day of work at The Daily News was on or about October 9, 2015. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

/ / /

/ / /

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

12. Lincoln admits that Plaintiff was, at certain times, employed by The Daily News and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" and "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 14 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability," "Own Occupation," and "Any Occupation" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it sent a letter dated August 15, 2020, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

18. Lincoln admits it received a letter dated November 11, 2020, from Plaintiff, along with additional documentation, appealing the denial of benefits from the LTD Plan under the Policy, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits it sent a letter dated February 18, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it sent a letter dated February 18, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that Plaintiff's requests for extensions are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that Plaintiff's requests for extensions are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that Plaintiff's requests for extensions are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent letters to Plaintiff dated February 18, 2021, March 1, 2021, and April 12, 2021, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

24. Lincoln admits Plaintiff submitted additional documentation, appealing the denial of benefits from the LTD Plan under the Policy, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it sent a letter dated July 29, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that notes regarding telephone conversations with Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that notes regarding telephone conversations with Plaintiff on July 29, 2021, and July 30, 2021, are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln specifically denies informing Plaintiff that she "was not allowed to speak to a lawyer." Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits it sent a letter dated July 29, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits it sent a letter dated July 29, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

/ / /

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

30. Lincoln admits it sent a letter dated July 29, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits it sent a letter dated July 29, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31of the Complaint.

32. To the extent that the allegations contained in Paragraph 32 of the Complaint contain legal conclusions, Lincoln is not required to respond. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Upon information and belief, Lincoln admits the allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that notes regarding telephone conversations with Plaintiff on July 29, 2021, and July 30, 2021, are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that it sent a letter dated July 29, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln is without sufficient knowledge to either admit or deny the allegations regarding what Plaintiff may or may not have "relied on," what portion(s) of the July 29, 2021 letter Plaintiff may or may not have read, or Plaintiff's understanding of the contents of the July 29, 2021 letter. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 35 of the Complaint.

36. Lincoln is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 36 of the Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

37. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies the allegations contained in Paragraph 38 of the Complaint.

39. To the extent that the allegations contained in Paragraph 39 of the Complaint contain legal conclusions, Lincoln is not required to respond. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln denies the allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that it issued the Policy to Lee Enterprises, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan and that it issued the Policy to Lee Enterprises, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln denies the allegations contained in Paragraph 43 of the Complaint.

/ / /

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

**FIRST CAUSE OF ACTION**

44. To the extent that the allegations contained in Paragraph 44 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln denies the allegations contained in Paragraph 45 of the Complaint.

46. Lincoln denies the allegations contained in Paragraph 46 of the Complaint.

47. Lincoln denies the allegations contained in Paragraph 47 of the Complaint.

48. Lincoln denies the allegations contained in Paragraph 48 of the Complaint.

49. Lincoln denies the allegations contained in Paragraph 49 of the Complaint.

50. Lincoln denies the allegations contained in Paragraph 50 of the Complaint.

51. Lincoln denies the allegations contained in Paragraph 51 of the Complaint.

**SECOND CAUSE OF ACTION**

52. To the extent that the allegations contained in Paragraph 52 of the Complaint contain legal conclusions, Lincoln is not required to respond.

53. Lincoln admits that Plaintiff was, at certain times, employed by The Daily News and a participant in the LTD Plan, which is an employee benefit plan as defined ERISA. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan and that it issued the Policy to Lee Enterprises, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

56. To the extent that Paragraph 56 contains legal conclusions, Lincoln is not required to answer. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. To the extent that Paragraph 57 contains legal conclusions, Lincoln is not required to answer. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. To the extent that Paragraph 58 contains legal conclusions, Lincoln is not required to answer. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. To the extent that Paragraph 59 contains legal conclusions, Lincoln is not required to answer. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln denies that it violated any provision of ERISA and denies all allegations contained in Paragraph 60 of the Complaint.

61. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs 62-71 thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

/ / /

/ / /



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

3. The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for LTD benefits was arbitrary and capricious because the relevant Policy and plan documents contain sufficient discretionary language.

4. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits Plaintiff receives or is eligible to receive, including any disability benefits Plaintiff or Plaintiff's dependents receive or are eligible to receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

5. Lincoln expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

6. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

7. The Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, and having pleaded its affirmative defenses, Lincoln prays for the following relief:

1. That Plaintiff take nothing by this Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That Plaintiff is denied each and every demand and prayer for relief contained in the Complaint;
4. That Lincoln be awarded its attorneys' fees, costs of suits and expenses incurred herein; and



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

5. For such other and further relief as the Court deems just and equitable.

DATED July 12, 2022.

BARRAN LIEBMAN LLP

By s/ *Andrew M. Schpak*
Andrew M. Schpak, WSBA No. 39901
aschpak@barran.com

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By s/ *Iwana Rademaekers*
Iwana Rademaekers, Texas Bar No. 16452560
*Pro Hac Vice* pending
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

Attorneys for Defendant



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July 2022, I served the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** on the following parties at the following addresses:

Jeremy Lyle Bordelon
Evergreen Disability Law
465 NE 181st Ave, No. 500
Portland, OR 97230
Email: jeremy@evergreendisability.com

Attorneys for Plaintiff

by the following indicated method(s) set forth below:

☑ Electronic Filing using the Court's ECF System

☐ Facsimile

☐ First-class mail, postage prepaid

☐ Hand-delivery

☐ EMail

s/ *Andrew M. Schpak*
Andrew M. Schpak



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212