The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANNON CADWELL,<br>Plaintiff,<br><br>v.<br><br>The LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Defendant. | Civil No. 3:22-cv-05351-BHS<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order Regarding Initial Disclosures, Joint Status Report, Discovery, Depositions and Early Settlement (Dkt. # 9), the parties, through their respective counsel, submit the following Joint Status Report.

**1. NATURE AND COMPLEXITY OF CASE**

This case involves plaintiff's claim for long-term disability benefits brought pursuant to ERISA, 29 U.S.C. § 1132. This case is not complex for adjudicatory purposes.

**2. DEADLINE FOR JOINING PARTIES**


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

December 1, 2022 will be the deadline for joining all parties.

**3. MAGISTRATE JUDGE**

The parties have not consented to have a Magistrate Judge issue a final decision in this case.

**4. DISCOVERY PLAN**

A. Initial Disclosures.

The parties waive initial disclosures. Defendant shall produce a proposed record for review to plaintiff by no later than December 1, 2022.

B. Subjects, Timing, and Potential Phasing of Discovery.

See statements on discovery below. The parties propose a deadline of March 31, 2023 to complete discovery.

C. Electronically Stored Information.

The parties will comply with a modified version of the Model Protocol for Discovery of ESI. Plaintiff intends to request ESI in native format.

D. Privilege Issues.

The parties do not anticipate any privilege issues. The parties will confer and work together regarding any issues relating to privilege.

E. Proposed Limitations on Discovery.

While the scope of the Court's review, and therefore the scope of discovery, is limited in ERISA cases, there are certain areas into which discovery in such cases is generally allowed, particularly in cases to be decided under the arbitrary and capricious standard of review. *See, e.g. Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383 (W.D. Wash. 2017).


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

There is no reason to involve the Court before plaintiff propounds such discovery, as the Federal Rules do not contemplate such a requirement, and the defendant can always move for a protective order under F.R.C.P. 26 if it finds plaintiff's discovery requests objectionable.

F. Discovery Related Orders.

To date, the relationship between counsel has been cordial and information has been exchanged freely between the parties without any need for involving the Court. It is expected that this trend will continue. However, one or more of the parties may ask the Court to determine discovery issues should they arise.

**5. OTHER LOCAL RULE 26(f)(1) MATTERS**

A. Prompt Case Resolution and Alternative Dispute Resolution

The parties will discuss settlement amongst themselves, including the possibility of a private mediation. The parties will also consider requesting a judicial settlement conference if they believe it would be fruitful.

B. Related Cases.

There are no related cases.

C. Discovery Management.

Defendant agrees to produce the administrative record to plaintiff on or before December 1, 2022.

E. Anticipated Discovery Sought.

Plaintiff's Statement: Plaintiff anticipates seeking discovery on limited matters. Plaintiff will request native format ESI of any emails related to this claim, as well as certain


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

discovery related to defendant's medical consultants. Plaintiff will also request recordings of any phone calls related to the claim.

Defendant's Statement: Defendant does not anticipate seeking discovery.

F. Phasing Motions.

Defendant will file the administrative record with the court on or before March 31, 2023. The parties propose the following deadlines for FRCP 52 motions for trial on the administrative record, *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999):

- Plaintiff's dispositive motion: April 28, 2023
- Defendant's combined opposition and dispositive cross motion: May 29, 2023
- Plaintiff's combined reply and opposition to cross motion: June 16, 2023
- Defendant's reply: June 30, 2023

G. Preservation of Discoverable Information.

The parties will preserve all discoverable information.

H. Privilege Issues.

The parties do not anticipate that any privilege issues will pose particular challenges in this case. The parties will work together to address any privilege issues that arise.

I. Model Protocol for Discovery of ESI.

The parties will comply with a modified version of the Model Protocol for Discovery of ESI. Plaintiff intends to request ESI in native format.

**6. DEADLINE FOR DISCOVERY**

The parties propose a deadline of March 31, 2023 to complete discovery.

**7. BIFURCATION**


Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

Trial of this matter need not be bifurcated in any manner.

**8. PRETRIAL STATEMENTS**

The parties agree to dispense with the pretrial statements and orders required by Local Rules CR 16(e), (h), (i), and (l), and 16.1.

**9. SHORTENING OR SIMPLIFYING OF CASE**

The parties have no suggestions for shortening or simplifying this case.

**10. TRIAL READINESS**

This matter will be ready for hearing after June 30, 2023.

**11. NATURE OF TRIAL**

Non-jury, on the record.

**12. TRIAL DAYS REQUIRED**

The parties agree that this matter will be disposed of on FRCP 52 cross motions for trial on the administrative record. Plaintiff requests 1/2 day for oral argument, scheduled at the Court's discretion at the conclusion of dispositive briefing. Defendant does not request oral argument and requests the Court issues its decision based on the court and administrative record and the parties' briefs.

**13. TRIAL COUNSEL FOR THE PARTIES**

For Plaintiff: Jeremy L. Bordelon, WSBA No. 53118

Evergreen Disability Law
465 NE 181st Avenue, No. 500
Portland, OR 97230
Phone: (503) 836-1036
Email: jeremy@evergreendisability.com

For Defendant: Iwana Rademaekers, Texas Bar No. 16452560 (*pro hac vice*)
Law Office of Iwana Rademaekers, P.C.

14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone: (214) 579-9319
Email: iwana@rademaekerslaw.com

**14. UNAVAILABLE TRIAL DATES**

The parties do not anticipate any unavailable dates.

**15. SERVICE**

Defendant has been served.

**16. SCHEDULING CONFERENCE**

The parties do not anticipate the need for a scheduling conference prior to a scheduling order being entered.

**17. CORPORATE DISCLOSURE STATEMENTS**

Defendant filed its Corporate Disclosure Statement (Dkt. # 7) on July 12, 2022.

Dated this 29th day of September, 2022.

BY: *s/Jeremy L. Bordelon*
Jeremy L. Bordelon, WSBA No. 53118
Evergreen Disability Law
465 NE 181st Ave, No. 500
Portland, OR 97230
(503) 888-9331

BY: *s/Iwana Rademaekers*
Iwana Rademaekers, *pro hac vice*
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Ste. 800
Dallas, TX 75252
(214) 579-9319